1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   JIMMY KUANG, an individual,        No.  2:15-cv-00160-JAM-EFB

12              Plaintiff,

13        v.                            **ORDER DENYING DEFENDANT'S MOTION
                                        TO DISMISS**
14   BEL AIR MART, a California
     Corporation; and DOES 1-50,
15   inclusive,

16              Defendants.

17

18        Plaintiff Jimmy Kuang ("Plaintiff") alleges that his

19   employer breached a collective bargaining agreement by

20   discharging him without cause.  Defendant Bel Air Mart

21   ("Defendant") now moves to dismiss on the basis that the claims

22   are barred by the federal statute of limitations.[1]

23   ///

24   ///

25   ///

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for May 20, 2015.

                                    1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

As a cook at Defendant's store, Plaintiff was party to a collective bargaining agreement.  Compl. ¶ 7.  The agreement permitted Defendant to discharge Plaintiff only for "cause."  Id. ¶ 8.

Plaintiff contends that Defendant violated this agreement by discharging him for consuming store products in April 2011.  Id. ¶¶ 9-18.  He asserts that he intended to pay for the products and that his supervisor directed him to wait to pay, so the termination could not have been for "cause" as defined in the agreement.  Id. ¶¶ 9-11, 18.

Plaintiff sued Defendant in state court alleging breach of contract and discrimination claims.  See Defendant's RJN Exh. 1. Plaintiff voluntarily dismissed his discrimination claims, and the state court dismissed the contract claims as preempted by section 301 of the federal Labor Management Relations Act ("LMRA").  See id. Exhs. 2-3. Plaintiff then filed this federal action in January 2015, asserting breach of contract and breach of covenant of good faith and fair dealing.  Compl. ¶¶ 20-34. Although the parties are not diverse, the Court has jurisdiction in this matter because Plaintiff's claims are "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract[.]"  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985); see 29 U.S.C. § 185.  Defendant moves to dismiss (Doc. #6) and Plaintiff opposes the motion (Doc. #9).

///

///

2

1                          II.   OPINION

2        A.   Judicial Notice

3        Generally, the Court may not consider material beyond the

4   pleadings in ruling on a motion to dismiss.  But the Court may

5   take judicial notice of matters of public record, provided that

6   they are not subject to reasonable dispute.  Fed. R. Evid. 201;

7   see Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d

8   1022, 1025 n.2 (9th Cir. 2006); Lee v. City of Los Angeles, 250

9   F.3d 662, 689 (9th Cir. 2001).

10       Defendant requests judicial notice of three documents (Doc.

11  #6-2).  All are contained within the public record as court

12  filings and Plaintiff does not contest them, so the Court grants

13  Defendant's request.

14       B.   Analysis

15       The sole basis for Defendant's motion is that the suit is

16  barred by the statute of limitations.  The federal statute

17  implicated here, LMRA § 301, 29 U.S.C. § 185, contains no

18  limitations period.  O'Sullivan v. Longview Fibre Co., 993 F.

19  Supp. 743, 748 (N.D. Cal. 1997).  Defendant contends that the

20  Court should look to the six-month statute of limitations

21  described in 29 U.S.C. § 160(b).  Mot. at 4; see 29 U.S.C. § 160

22  (governing unfair labor practices).  Plaintiff argues that the

23  Court should instead borrow the California limitations period of

24  four years for a breach of contract claim.  Opp. at 5.

25       Plaintiff is correct that a four-year statute of limitations

26  applies.  The Supreme Court has established a "norm" of borrowing

27  an analogous state law statute of limitation where none is

28  specified in the federal statute.  DelCostello v. Int'l Broth. Of

                                3

Teamsters, 462 U.S. 151, 171-72 (1983) (citation omitted).  This norm holds for "straightforward" claims involving collective bargaining agreements – that is, "suits alleging solely a breach of contract."  Gen. Teamsters Union Local No. 174 v. Trick & Murray, Inc., 828 F.2d 1418, 1423 (9th Cir. 1987) (citing Int'l Union, United Auto., Aerospace and Agricultural Implement Workers of Am. v. Hoosier Cardinal Corp., 383 U.S. 696 (1966)).

As Defendant points out, the Supreme Court has carved out an exception to this norm.  But that exception is far narrower than Defendant contends.  Defendant states that "cases involving the interpretation of terms within a [collective bargaining agreement] are [subject to] a six month statute of limitation."  See Reply at 3:4-6.  The case Defendant cites for this proposition, DelCostello, held that the six-month limitations period applied to a "hybrid" action that alleged both an employer's breach of a collective bargaining agreement and a union's breach of its duty of fair representation.  462 U.S. at 165.  The Court reasoned that this kind of action had "no close analogy in ordinary state law," because it implicated "a direct challenge to the private settlement of disputes under the collective bargaining agreement."  Id. (citations, quotation marks, and alterations omitted).  Defendant's other cases also involve these type of "hybrid" claims.  See Allen v. United Food & Comm'l Workers Int'l Union, 43 F.3d 424, 426 (9th Cir. 1994); Milne Employees Ass'n v. Sun Carriers, 900 F.2d 1401, 1405, 1414 (9th Cir. 1991); Appellant's Reply Brief, Grant v. McDonnell Douglas Corp., 163 F.3d 1136 (9th Cir. 1998) (No. 97-55351), 1997 WL 33551572, at *5-*6.

4

1    Here, in contrast, Plaintiff alleges only that his employer

2  breached the collective bargaining agreement by discharging him

3  without "cause."  He brings no claims concerning union

4  representation.  The Court therefore applies the analogous state

5  limitations period for a breach of contract claim.  <u>Accord</u>

6  <u>Pencikowski v. Aerospace Corp.</u>, 340 F. App'x 416, 418 (9th Cir.

7  Aug. 7, 2009) (affirming application of state limitations statute

8  where plaintiff alleged that his employer violated the collective

9  bargaining agreement by failing to notify the union of his

10  dismissal); <u>Trustees for Alaska Laborers-Constr. Indus. Health &</u>

11  <u>Sec. Fund v. Ferrell</u>, 812 F.2d 512, 517 (9th Cir. 1987)

12  (concluding that plaintiff's claim "c[ould] only be characterized

13  as a straightforward breach of contract claim" where he alleged

14  that his employer failed to make the required contributions under

15  agreement).

16    California law allows a plaintiff four years to bring a

17  breach of contract claim.  Cal. Code Civ. Proc. § 337(1).

18  Plaintiff here filed his complaint in January 2015.  Because the

19  alleged breach occurred in April 2011, his claims are timely.

20    Resolving the motion on this basis, the Court does not reach

21  the parties' further arguments concerning tolling.

22                      III.  ORDER

23    For the reasons set forth above, the Court denies

24  Defendant's motion to dismiss.

25    IT IS SO ORDERED.

26  Dated:  May 22, 2015

27

28

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE