**P O R T E R | S C O T T**

A PROFESSIONAL CORPORATION
Lindsay A. Goulding, SBN 227195
Colleen R. Howard, SBN 257661
Derek J. Haynes, SBN 264621
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant BEL AIR MART

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

JIMMY KUANG, an individual,

        Plaintiff,

v.

BEL AIR MART; a California Corporation;
and DOES 1 through 50, inclusive,

        Defendant.

_____/

Civil Action No.: 2:15-CV-00160-JAM-EFB

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

Complaint Filed:  January 20, 2015

      Defendant BEL AIR MART filed a Motion for Summary Judgment or, in the alternative Summary Adjudication. The hearing on the Motion was held on August 23, 2016. Derek Haynes appeared for Defendant. David Tashroudian and Mona Tashroudian appeared for Plaintiff JIMMY KUANG. After considering the papers and arguments offered by all parties and for the reasons set forth below, Defendant's Motion is hereby GRANTED.

## BACKGROUND

**A.**    **Conduct that Led to Plaintiff's Termination**

      The undisputed evidence is that Plaintiff was employed by Defendant as a cook in the Hot Wok Department. He was also a member of the United Food and Commercial Workers Union ("Union") and, as such, both he and Defendant were parties to a Collective Bargaining Agreement ("CBA"). Under the CBA, Defendant could only terminate employees for "just cause."

PORTER |SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

In April 2011, Plaintiff, while on the clock, entered the store, took a package of cough drops off of the shelf and began consuming them without paying for them. He then took the rest of the opened package back to his work station in the Hot Wok Department and placed it behind the counter.

Plaintiff's actions were captured on store security footage. Store Director Milo Crisp observed that footage. Plaintiff was then brought back to the security office in the store, where he admitted to taking the cough drops. He also admitted to taking other merchandise to the back room of the Hot Wok Department before paying for it on several prior occasions. Plaintiff was then terminated. Defendant's reason for the termination was because Plaintiff's behavior violated the company's Employee Purchase Policy, which prohibits employees from consuming merchandise in the store before paying for it and prohibits them from selecting merchandise and then setting it aside to pay for it later.

**B.** <u>**The Collective Bargaining Agreement**</u>

The CBA governing Plaintiff's employment includes procedures for employees to file grievances relating to any termination decision. The Union filed such a grievance on Plaintiff's behalf, challenging whether Defendant had "just cause" to terminate Plaintiff's employment. In May 2011, the grievance went before what the CBA refers to as the Board of Adjustment. The Board deadlocked and did not reach a decision. The Union subsequently concluded that Defendant did in fact have "just cause" to terminate Plaintiff's employment under the CBA. As a result, the Union decided not to take Plaintiff's grievance to arbitration, which is the next step of the grievance process provided under the CBA. The Union sent letters to Plaintiff and Defendant indicating that the Union was denying Plaintiff's grievance and that the termination would stand as issued.

**C.** <u>**Procedural History**</u>

Plaintiff then filed suit against Defendant in state court in April 2012 alleging breach of contract and discrimination claims. Plaintiff voluntarily dismissed his discrimination claims, and the state court dismissed the contract claim on grounds that it is preempted by Section 301 of the Federal Labor Management Relations Act ("LMRA").

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

**[PROPOSED] ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

Plaintiff then filed the instant action in January 2015 asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing, both based on the allegation that Defendant breached the CBA by terminating his employment without "just cause." Defendant moved for summary judgment on both claims. In his Opposition and on the record at the hearing, Plaintiff conceded he is no longer pursuing his claim for breach of the implied covenant of good faith and fair dealing. Therefore, the Court grants summary judgment of that claim in Defendant's favor. The only remaining issue is whether summary judgment should be granted on Plaintiff's remaining breach of contract claim.

## **STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. *Celotex*, 477 U.S. at 325.

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations ... or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c) (1). The opposing party must demonstrate that the fact in contention is

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

**[PROPOSED] ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

material, i.e., a fact that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251–52 (1986); *Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers*, 971 F.2d 347, 355 (9th Cir. 1987).

The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." *Id.* at 251 (quoting *Improvement Co. v. Munson, 14 Wall. 442*, 81 U.S. 442, 448, (1871)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.*

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir.1987).

## ANALYSIS

### A.    Evidentiary Objections

Defendant raised a series of objections to the evidence Plaintiff offered in Opposition to the Motion for Summary Judgment. [Docket No. 36-3.]

Defendant objected to Plaintiff's Declaration and the documents attached thereto in their entirety on grounds that the Declaration is submitted and executed in English even though the text of the Declaration states that Plaintiff does not understand and cannot read English. Plaintiff attempts to avoid that issue by stating that some unidentified translator read the Declaration to

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

1   him. That is insufficient. Any translation must be completed by a certified federal interpreter. 28

2   U.S.C. § 1827(d)(1); *Jack v. Trans World Airlines*, 854 F. Supp. 654, 659 (N.D. Cal. 1994).

3   Therefore, Defendant's objection to Plaintiff's Declaration and the documents attached thereto is

4   sustained.

5        Defendant objected to the Declaration offered by Plaintiff's counsel and the documents

6   attached thereto as Exhibits 5(a), 5(b), 5(c), 5(d) and 5(e) on grounds that Plaintiff's counsel lacks

7   the requisite personal knowledge to authenticate or lay the foundation for those documents. The

8   Court agrees with Defendant's argument and sustains the objection on those grounds. *Clark v.*

9   *County of Tulare*, 755 F. Supp. 2d 1075, 1083-1084 (E.D. Cal. 2010).

10       Defendant objected to the Report Plaintiff offered from Brian Kleiner in its entirety on

11  several grounds. The Court hereby sustains those objections. The Report is unsworn and is

12  therefore inadmissible in its entirety. *Kelly v. Echols*, 2008 U.S. Dist. LEXIS 79801, 14-15, n.9

13  (E.D. Cal. Sept. 2, 2008) ("Unsworn expert reports . . . do not qualify as affidavits or otherwise

14  admissible evidence for [the] purpose of Rule 56."). Even if the Court nonetheless considered the

15  Report, the opinions offered therein are inadmissible for the reasons stated in Defendant's

16  objections. Therefore, the Court hereby sustains all of Defendant's objections to Plaintiff's

17  evidence.

18  **B.   Breach of Contract Claim**

19       Plaintiff pled his claim as one for "breach of contract." That claim is preempted by Section

20  301 of the LMRA. *Board of Trustees of Sheet Metal Workers Local 104 Health Care Plan v. Bay*

21  *Area Balancing & Cleanrooms, Inc.*, 2015 U.S. Dist. LEXIS 154730, 5 (N.D. Cal. 2015).

22  However, the Court has discretion to re-characterize that claim as one alleging a direct violation

23  of Section 301. The Court exercises its discretion to do that here.

24                   **1.   Statute of Limitations**

25       It is unclear whether Plaintiff's claim under Section 301 is a straightforward breach of

26  contract claim or a hybrid claim. Straightforward claims are those alleging the employer breached

27  the CBA. Hybrid claims are those where plaintiffs allege both that their employer beached the

28

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

**[PROPOSED] ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

CBA and their Union breached its duty of fair representation to the employee. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 989 (9th Cir. 2007).

Defendant's Motion argued that, to the extent Plaintiff is pursuing a hybrid claim, it is barred by the applicable six month statute of limitations. *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 171 (1983). Plaintiff's Opposition argues that the six month statute of limitations does not apply because he is not alleging a hybrid claim. He is alleging a straightforward breach claim. However, he then goes on to argue that he is excused from exhausting the grievance process under the CBA on his straightforward claim because that failure was caused by his Union breaching its duty of fair representation. That argument necessarily converts Plaintiff's claim into a hybrid claim, which would be barred by the 6 month statute of limitations given he did not file his action within 6 months. *Soremekun*, 509 F.3d 978, 989.

To avoid that result, Plaintiff conceded, at the hearing on Defendant's Motion, that he is waiving his argument that the Union breached its duty of fair representations and, as a result, is not pursuing a hybrid claim in this action. His only claim is a straightforward claim that Defendant breached the CBA. Consequently, Defendant's statute-of-limitations argument is moot.

## 2.    Exhaustion of the Grievance Procedures

Defendant moves for summary judgment on Plaintiff's straightforward breach claim on grounds that the grievance procedures provided in the CBA are Plaintiff's exclusive remedy and Plaintiff failed to exhaust those procedures.

Plaintiff opposes on two grounds. First, he argues the Court should excuse his failure to exhaust the grievance procedures because that failure was caused by his Union's breach of its duty of fair representation. Plaintiff has since waived that argument as it would convert his claim into a hybrid claim that is barred by the six month statute of limitations.

Plaintiff next argues that he is not bound by the grievance procedures provided in the CBA because those procedures are not final and binding on the parties to the CBA. Plaintiff bases that argument on a misinterpretation of the CBA.

Section 3.3 of the CBA provides the employer "shall have the right to discharge any employee for just cause." If an employee claims the employer lacked just cause, then he "shall

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

make his claim therefore through the Union" and that claim "shall be subject to the provisions of Section 18 Adjustment Board and Arbitration of Disputes."

Section 18 then details the grievance procedures. Subsection 18.1 provides the grievance must first go before the Board of Adjustment. If the Board does not resolve the grievance, then it shall be submitted to arbitration. Subsections 18.2 and 18.3 detail the arbitration procedures. Subsection 18.3 states "the award of the Adjustment Board or arbitrator shall be <u>final and binding</u> upon the employer, the union and the employee." Subsection 18.2 allows the parties to expedite the arbitration procedures for matters involving disciplinary action. It eliminates the requirement for pre-arbitration briefing and requires that the arbitrator provide his or her decision within 14 days after the arbitration.

Plaintiff attempts to avoid the provision of Subsection 18.3 stating that the award of the Adjustment Board or arbitrator is "final and binding" on the parties by arguing that provision only applies to grievances relating to the interpretation of a term of the CBA. Plaintiff, however, fails to offer any evidence of legal support for that argument.

Moreover, even if the Court accepted Plaintiff's argument that the grievance procedures are only "final and binding" in matters involving the interpretation of the terms of the CBA, that would include Plaintiff's grievance. Plaintiff challenges the decision to terminate his employment. The CBA provides he can only be terminated for "just cause." Thus, his grievance necessarily involved the interpretation of "just cause" under the CBA.

As such, the grievance procedures were "final and binding." Plaintiff did not exhaust those procedures because his Union withdrew his grievance without submitting it to arbitration. Employees are bound by the decisions of their Unions. *Vaca v. Sipes,* 386 U.S. 171, 184 (1967). Therefore Defendant's Motion for Summary Judgment is granted.

### 3.  "Just Cause" for Plaintiff's Termination

Defendant's Motion went on to argue that summary judgment should also be granted on the merits of Plaintiff's claim because Defendant had just cause to terminate Plaintiff's employment. The Court need not address that issue given it grants Defendant's Motion for the

**[PROPOSED] ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

1  reasons set forth above, but it nonetheless offers its analysis for the record in the event of an

2  appeal.

3        Defendant argues it had just cause to terminate Plaintiff's employment because his

4  behaviors violated the company's Employee Purchase Policy. That Policy prohibits employees

5  from consuming merchandise before paying for it and prohibits employees from setting

6  merchandise aside to pay for it later. Plaintiff signed several acknowledgment documents

7  confirming he understood that Policy and would comply with it.

8        In Opposition, Plaintiff argues Defendant lacked "just cause" because he did not

9  understand the language of the written Policy given he does not read or understand English. The

10 Court rejects that argument. The Ninth Circuit has consistently held that a party who signs a

11 written agreement is bound by its terms even if the party did not read the agreement or consider

12 the legal consequences of signing it. *Employee Painters v. J & B Finishes*, 77 F.3d 1188, 1192

13 (9th Cir. 1996); *Whitney Co. v. Johnson*, 14 F.2d 24 (9th Cir. 1926).

14       Plaintiff also attempts to raise an issue of fact through opinions contained in a Report from

15 Brian Kleiner, a purported expert. As set forth above, that Report is inadmissible and therefore

16 cannot be considered when ruling on a motion for summary judgment. Even if the Court

17 considered the Report, the opinions contained therein alone are insufficient to raise a triable issue

18 of fact regarding whether there was "just cause" for Plaintiff's termination.

19       Lastly, Plaintiff argues Defendant lacked "just cause" because he observed other

20 employees engage in similar conduct without repercussion.  But, again, Plaintiff failed to provide

21 any admissible evidence to support that argument and he fails to cite any authority holding that an

22 employer lacks just cause to terminate an employee who violates company policy just because

23 other employees have engaged in similar conduct.

24 ///

25 ///

26 ///

27 ///

28 ///

**[PROPOSED] ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, SUMMARY ADJUDICATION**

1    Therefore, the Court finds Defendant had "just cause" to terminate Plaintiff's employment

2   based on his violation of company policy. Thus, Defendant did not breach the CBA and summary

3   judgment would also be granted on that basis as well.

4    IT IS SO ORDERED.

5

6   Dated:  9/6/2016                                    /s/ John A. Mendez
                                                         HONORABLE JUDGE JOHN A. MENDEZ

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

**[PROPOSED] ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, SUMMARY ADJUDICATION**